K/099

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



KingVision Pay Per View, Ltd., a Delaware
corporation,

                Plaintiff,

        v.

Vijo Enterprises, Inc., an Illinois corporation
d/b/a Whale's Tail and Patrick McVady,
individually and John Porter, individually,

                Defendant.

Case No.
JUDGE COAR

MAGISTRATE JUDGE LEVIN

## COMPLAINT

KingVision Pay Per View, Ltd., by its undersigned counsel, sues the above-captioned

Defendant and for cause says:

### Jurisdiction and Venue

1.    This is an action for damages for the Defendant's unauthorized reception,

interception and willful commercial public exhibition KingVision Pay Per View, Ltd.

("KingVision") closed-circuit telecast of the March 13, 1999 Professional Prizefight between

Evander Holyfield and Lennox Lewis in violation of Sections 553 and 705 of the Cable

Communications Policy Act of 1984, 47 U.S.C. §§ 553 and 605 as amended (the

"Communications Act").

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 47

U.S.C. §§553 and 605 as this action arises under the laws of the United States.

3.    Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) as the

Defendant reside and do business within the boundaries of this Judicial District and these claims

arose within this District.

**Parties**

4. The Plaintiff, KingVision, is a corporation organized and existing under the laws of the State of Delaware, with its principal office and place of business located in Oakland Park, Florida.

5. Defendant, Vijo Enterprises, Inc. d/b/a Whale's Tail is a corporation organized and existing under the laws of the State of Illinois with its principal place of business being located at 3425 Pearl Street, McHenry, IL 60050. Defendant, Patrick McVady and John Porter were the owners/managers of said establishment at the time of the illegal broadcast.

**Preliminary Background**

6. KingVision owned the exclusive rights to exhibit and distribute the closed-circuit rights to the telecast of the March 13, 1999 Professional Prizefight between Evander Holyfield and Lennox Lewis, including undercard and preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"). KingVision maintained the rights to distribute the Event at closed-circuit locations, such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Illinois. KingVision incurred substantial costs in connection with the telecast of the Event.

7. KingVision maintained the rights for the purpose of distributing, for a commercial gain, the closed-circuit broadcast of the Event to various establishments throughout the State of Illinois.

8. The closed-circuit broadcast of the Event was not intended for the use of the general public but, instead, was transmitted privately and intended solely for the use of purchasers of the Event from KingVision. In the State of Illinois, the closed-circuit broadcast of

the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to exhibit the Event by KingVision.

9.     KingVision marketed and distributed its closed-circuit rights to the Event. KingVision contracted with various establishments throughout the State of Illinois and granted to such establishments the right to broadcast the Event in exchange for a fee.

10.     The transmission of the Event was electronically coded or scrambled. In order for the signal to be received and exhibited, it had to be decoded with electronic decoding equipment.

11.     The transmission of the Event was available to the Defendant for purchase by and exhibition at the Defendant's establishments. If the Defendant had purchased the Event from KingVision, they would have been authorized to receive, transmit and publish the Event at their respective establishments.

12.     The establishment which contracted with KingVision to broadcast the Event was provided with the electronic decoding equipment and satellite coordinates necessary to receive an authorized and uninterrupted signal of the Event.

13.     On March 13, 1999, in violation of KingVision's rights and in violation of federal and state law, the Defendant willfully intercepted or received the interstate communication of the Event. In the alternative, the Defendant assisted in the interception or receipt of the interstate communication of the Event. The Defendant then transmitted, divulged, published and exhibited said communication or assisted in transmitting, divulging, publishing and exhibiting said communication to the patrons, employees and agents at their establishments.

14.     The Defendant misappropriated KingVision's exhibition of the Event and infringed upon KingVision's exclusive rights while avoiding proper payment to KingVision. The

Defendant's purpose and express intent in committing their unlawful actions was to secure a private financial gain and commercial advantage.

15.     The Defendant enabled the patrons, employees and agents within their establishments to view the Event to which neither the Defendant nor their patrons, employees and agents were entitled.

16.     The persons whom Defendant permitted to view the Event would otherwise have been able to view it at a commercial establishment only if the Defendant's commercial establishments were properly licensed and authorized by KingVision.

17.     The Defendant were not authorized to intercept, receive, exhibit or transmit the communication of the Event or to assist in such actions in any form or at any time.

18.     The Defendant's unauthorized exhibition of the telecast of the Event caused substantial damage to KingVision.

## COUNT I
## VIOLATION OF 47 U.S.C. §605

19.     The Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 18 above as if the same were fully set forth herein.

20.     The Communications Act, as amended, 47 U.S.C. §605(a), provides:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the

existence, contents, substance, purport, effect, or meaning of such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

21.     In violation of 47 U.S.C. §605, the Defendant, illegally and without authorization, interrupted, received and exhibited, or otherwise assisted in the unauthorized interception, reception or exhibition of the Event.

22.     KingVision is informed and believes, and therefore states, that the Defendant effected such interception or receipt of the Event through the use of illegal satellite decoding devices, by the manipulation of the closed-circuit system authorized to carry the Event in the licensing area, by ordering the Event for residential locations and removing the decoder/converter box to Defendant's commercial locations, or by such other means unknown to KingVision and known only to Defendant.

23.     Defendant's violations of 47 U.S.C. §605 were committed willfully and for purposes of commercial advantage and private financial gain.

24.     Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication ..." may bring a private cause of action against one who acts in violation of the Communications Act.

25.     KingVision maintained proprietary rights in the intercepted combination of the Event. Therefore, KingVision is an aggrieved person and is entitled to recover damages from the Defendant for their violation of the Communications Act and their interference with KingVision's proprietary rights.

26.     Because of KingVision's rights and obligations with regard to the distribution of the Event, KingVision had an important economic interest in protecting the integrity of the communication of the Event. As a direct and proximate result of the Defendant's acts,

KingVision has lost the revenue which would have been derived from the delivery and exhibition of the Event to the Defendant's establishments and to their patrons, thus causing KingVision to suffer substantial and irreparable harm, including, without limitation to, a loss of revenue and profits, damage to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its rights and ability to control and receive fees for the reception of the Event. KingVision has also suffered an unquantifiable loss of future business in those persons who will not patronize KingVision's subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as those owned and operated by the Defendant.

27.     Because of Defendant's illegal and wrongful actions, KingVision is entitled to collect from the Defendant:  (1) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II); (2) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to §605(e)(3)(C)(ii); and (3) full costs, including reasonable attorney's fees, pursuant to §605(e)(3)(B)(iii).

### COUNT II
### VIOLATION OF 47 U.S.C. §553

28.     The Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 27 above as if the same were fully set forth herein.

29.     Section 553(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

30.     In violation of 47 U.S.C. §553, the Defendant, illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized interception or receipt of the telecast of the Event.

31.     KingVision is informed and believes, and therefore states, that the Defendant effected such interception or receipt of the Event through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Event in the licensing area; by ordering the Event for residential locations and removing the decoder/converter box to Defendant's commercial locations, or by such other means unknown to KingVision and known only to Defendant.

32.     Defendant's violations of 47 U.S.C. §553 were committed willfully and for purposes of commercial advantage and private financial gain.

33.     KingVision is a person aggrieved by the Defendant's violations of 47 U.S.C. §553 and is authorized to institute this action against the Defendant pursuant to Section 553.

34.     Defendant's violations of 47 U.S.C. §553 have injured and will continue to injure KingVision's ability to market future pay-per-view products and to maximize the revenues which it seeks to derive from its telecasts, in that KingVision has been deprived of the benefit of subscribers to the Telecasts and has suffered injury to its good will and reputation. As a further result of such violations, Defendant have gained and will continue to gain unjust profits and undeserved good will.

35.     Unless restrained by this Court, the Defendant will continue to receive, intercept, transmit and exhibit KingVision programming illegally and without authorization in violation of 47 U.S.C. §553. The Defendant intercepted, received and publicly exhibited KingVision's telecast of the Event without authorization on at least one occasion, and KingVision cannot

practicably detect or determine each occasion on which Defendant have intercepted, received and publicly exhibited the Event or other KingVision programming.

WHEREFORE, the Plaintiff, KingVision Pay Per View, Ltd., prays this Court grant judgment against the Defendant as follows:

A.     Declare that Defendant's unauthorized interception, reception and public commercial exhibition of the Event, or their assistance in the performance of such unauthorized actions, was in violation of the Communications Act, 47 U.S.C. §§553 and 605, and that such violations was committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

B.     For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to §605(e)(3)(C)(i)(II);

C.     For statutory damages of One Hundred Thousand Dollars ($100,000.00) pursuant to §605(e)(3)(C)(ii);

D.     For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to §553(c)(3)(A)(ii);

E.     For statutory damages of Fifty Thousand Dollars ($50,000.00) pursuant to §553(c)(3)(B);

F.     For full costs of this action, including reasonable attorney's fees pursuant to §605(e)(B)(iii) and §553(c)(2)(C); and

G.     For such other and further relief as the Court deems just and proper.

KINGVISION PAY PER VIEW, LTD.

By:

Jeffrey R. Platt, ARDC No. 06208148
Rolwes & Platt
Attorneys at Law
Three First National Plaza
Suite 3600
Chicago, Illinois  60602
(312) 977-4385
Attorney for Plaintiff, National Satellite Sports, Inc.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KingVision Pay Per View, Ltd.

## DEFENDANTS

Vijo Enterprises, Inc., an Illinois corporation d/b/a
Tail and Patrick McVady, individually and John Porter,
individually

**01C 1364**

Code JUDGE COAR

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeffrey R. Platt, Rolwes & Platt
Three First National Plaza, Suite 3600
Chicago, IL 60602    312/977-4385

ATTORNEYS (IF KNOWN) **DOCKETED** STRATE JUDGE LEVIN

MAR 0 1 2001

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                   AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to District
Judge from
☐ 7 Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☒ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Section 705 of the Cable Communications Policy Act of 1984, 47 U.S.C. Sec. 605, as amended

## VII. REQUESTED IN   COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:**   ☐ YES   ☐ NO

## VIII.   This case

☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 2/15/01

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**In the Matter of**

KingVision Pay Per View, Ltd.,      Plaintiff,     **Case Number:**

v.

Vijo Enterprises, Inc., an Illinois corporation d/b/a Whale's
Tail and Patrick McVady, individually and John Porter,
individually,

                    Defendant.

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, KingVision Pay Per View, Ltd.

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Jeffrey R. Platt | NAME |
| FIRM Rolwes & Platt | FIRM |
| STREET ADDRESS 3600 Three First National Plaza | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60602 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312/977-4385 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE SIDE) 06208148    Yes   NO | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE SIDE) |
| MEMBER OF TRIAL BAR?    ☐   ☒ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☒ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE SIDE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE SIDE) |
| MEMBER OF TRIAL BAR?  ☐  ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.