IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KING VISION PAY PER VIEW, a )
Delaware Corporation, )
)
Plaintiff, )
)
v. ) No.: 01 C 1364
)
VIJO ENTERPRISES, INC., an Illinois corp. ) Judge Coar
d/b/a WHALE'S TAIL and PATRICK MCVADY, )
individually and JOHN PORTER, individually, ) Magistrate Levin
)
Defendants. )

## NOTICE OF MOTION

TO:   James Coston                    Jeffrey R. Platt
         Coston & Lichtman             Rolwes & Platt
         407 S. Dearborn Street, Suite 600    Three First National Plaza, Ste 3600
         Chicago, IL 60605              Chicago, IL 60602

PLEASE TAKE NOTICE that on Tuesday, May 14, 2002, at 9:00 a.m., or as soon

thereafter as counsel can be heard, I shall appear before the Honorable David H. Coar,

U.S. District Judge for the Northern District of Illinois in courtroom  of the Everett

McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and

present defendants' Motion to Quash Service, Vacate the Judgment Order of July 20,

2001 and to dismiss this case as to VIJO ENTERPRISES, INC. and JOHN PORTER,

individually.  A copy of the motion is hereby served upon you.

By:_____
                         Todd Miller

TODD A. MILLER
ATTORNEYS FOR DEFENDANTS
ALLOCCO & MILLER, P.C.
3409 NORTH PAULINA STREET
CHICAGO, ILLINOIS 60657
773-868-4841

IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KING VISION PAY PER VIEW, a<br>Delaware Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>VIJO ENTERPRISES, INC., an Illinois corp.<br>d/b/a WHALE'S TAIL and PATRICK MCVADY,<br>individually and JOHN PORTER, individually,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) No.: 01 C 1364<br>)<br>) Judge Coar<br>)<br>) Magistrate Judge Levin<br>)<br>) |

## DEFENDANTS' MOTION TO QUASH SERVICE
## VACATE DEFAULT JUDGMENT AND
## DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, VIJO ENTERPRISES, Inc., a dissolved Illinois corporation, and

JOHN PORTER, individually, by and through their attorneys, Allocco & Miller, P.C., in

support of their Motion to Quash Service of April 11, 2001, Vacate the Default Judgment

of July 20, 2001 and to dismiss this matter as to VIJO ENTERPRISES, INC. and JOHN

PORTER, individually, for lack of personal jurisdiction and improper service, state as

follows:

    1.     On February 27, 2001, the plaintiffs filed a complaint against the

following defendants: VIJO ENTERPRISES, INC., d/b/a Whale's Tail, PATRICK

MCVADY, individually, and JOHN PORTER, individually, alleging that the defendants

committed the wrongful act of the unauthorized reception, interception and willful

commercial public exhibition of plaintiff's closed-circuit telecast of the March 13, 1999

Evander Hlyfield and Lennox Lewis prizefight, in violation of Sections 553 and 705 of

the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 553 and 605, as amended.

3.     On July 20, 2001, this Court entered a Default Judgment against the defendants, VIJO ENTERPRISES, INC. d/b/a Whale's Tail and JOHN PORTER, individually, for failure to appear or answer.

4.     Rule 4(e) of the Federal Rules of Civil Procedure provides in pertinent part:

> . . . service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
>     (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)

5.     Rule 4(h)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> . . . service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
>     (1) in a judicial district of the United States in the manner prescribed for individuals by subdivisions (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires. . .

6.     Improper service destroys a court's personal jurisdiction, making any judgment or order issued against the improperly served party void. Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 50 (N.D.Ill.1989). Moreover, where the basis for relief is that the judgment is void, and it is so proven to be,

the court lacks discretion and must grant relief. See Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844, 850 (7th Cir. 1981).

7.      According to the proof of service filed by the plaintiff in this matter, on April 11, 2001, Lori Porter was served with a copy of plaintiff's complaint and summons at 3425 Pearl Street, McHenry, Illinois for VIJO ENTERPRISES, INC. d/b/a Whale's Tail.

8.      In this case, as defendants more fully argue in their Memorandum of Law attached to this Motion, Lori Porter was not the proper person to receive service of process on behalf of VIJO ENTERPRISES, INC. or JOHN PORTER. Furthermore, there is no evidence showing that defendant, JOHN PORTER was ever served with the complaint or summons in this matter. Therefore, plaintiffs failed to properly serve VIJO ENTERPRISES, INC. and JOHN PORTER, individually, in accordance with Rules 4(e) & 4(h)(1) of the Federal Rules of Civil Procedure.

9.      Accordingly, the April 11, 2001 service of process should be quashed and the default judgment of July 20, 2001 is void since this court lacks personal jurisdiction over the defendants, VIJO ENTERPRISES, INC. and JOHN PORTER.

WHEREFORE, defendants, VIJO ENTERPRISE, INC. and JOHN PORTER, individually, request that this court quash the service of process of April 11, 2001, vacate the default judgment entered on July 20, 2001 and dismiss this case against VIJO ENTERPRISES, INC. and JOHN PORTER, individually, for lack of personal jurisdiction and improper service.

Todd A. Miller

Allocco & Miller, P.C.
Attorneys for the Defendants
3409 N. Paulina Street
Chicago, Illinois 60657
773-868-4841

IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KING VISION PAY PER VIEW, a )
Delaware Corporation, )
)
Plaintiff, )
v. ) No.: 01 C 1364
)
VIJO ENTERPRISES, INC., an Illinois corporation, ) Judge Coar
d/b/a WHALE'S TAIL and PATRICK MCVADY, )
individually, and JOHN PORTER, individually, ) Magistrate Judge Levin
)
Defendants. )

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH SERVICE VACATE DEFAULT JUDGMENT AND DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, VIJO ENTERPRISES, INC., a dissolved Illinois corporation formally d/b/a Whale's Tail ("VIJO") and JOHN PORTER , individually, by and through their attorneys, Allocco & Miller, P.C., submit this Memorandum of Law in support of their Motion to Vacate the Default Judgment of July 20, 2001, to Quash Service of April 11, 2001 and to dismiss this matter as to VIJO ENTERPRISES, INC. and JOHN PORTER, with prejudice.

## BACKGROUND

Defendant, VIJO, was incorporated in Illinois on March 13, 1999 and was doing business as the Whale's Tail located at 3425 Pearl Street in McHenry, Illinois. See copies of Secretary of State's corporate records attached as defendants' Exhibit "A". JOHN PORTER was the president and sole officer of VIJO and Robert Burke was the registered agent for the corporation. See Exhibit A and affidavit of John Porter attached and



marked as Exhibit "B". On August 1, 2000, VIJO was involuntarily dissolved. See Exhibit A.

On February 27, 2001, plaintiff filed a two count complaint against the defendants VIJO ENTERPRISES, INC. d/b/a Whale's Tail, PATRICK MCVADY, individually, and JOHN PORTER, individually. Plaintiff's complaint alleges that the defendants committed the wrongful act of the unauthorized reception, interception and willful commercial public exhibition of plaintiff's closed-circuit telecast of the March 13, 1999 Evander Holyfield and Lennox Lewis prizefight, in violation of Sections 553 and 705 of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 553 and 605, as amended.

According to the only proof of service filed in this matter, on April 11, 2001, Lori Porter, was served with copies of plaintiff's complaint and summons for VIJO at 3425 Pearl Street in McHenry, Illinois. See Proof of Service attached and marked as Defendants' Exhibit "C". The proof of service incorrectly indicates that Lori Porter is John Porter's mother. See Exhibit B&C. Significantly, the only proof of service filed in this does not indicate that anyone attempted to try to serve JOHN PORTER nor is there any evidence in the file which shows that JOHN PORTER was ever served with the complaint and summons in this matter.

On July 23, 2001, plaintiff's attorneys, filed a Motion for Default Judgment against VIJO and JOHN PORTER, individually, based on its assertion that "Vijo Enterprises and John Porter were personally served with copies of the complaint and summons and failed to file an answer or any responsive pleading." See paragraphs 1 &3 of plaintiff's Motion for Default attached and marked as defendants' Exhibit "D". Based

2

on plaintiff's representations, this Court entered a Default Judgment on July 20, 2001, against the defendants, VIJO and JOHN PORTER, individually.

The Default Judgment was entered against both VIJO and JOHN PORTER, individually, and awarded damages to the plaintiff in the amount of $21,500.00. A copy of the Default Judgment is attached and marked as Defendants' Exhibit "E".

Defendants, VIJO and JOHN PORTER, now move this court to Quash the Service of April 11, 2001 and to vacate its default judgment of July 20, 2001 since the judgment is void due to lack of personal jurisdiction over defendants.

## ARGUMENT

### PLAINTIFF FAILED TO PEROPERLY SERVE THE DEFENDANTS, VIJO AND JOHN PORTER AND, THEREFORE, SERVICE SHOULD BE QUASHED AND THE JUDGMENT OF JULY 20, 2001 IS VOID AND SHOULD BE VACATED.

Rule 4(e) of the Federal Rules of Civil Procedure provides in pertinent part:

> . . . service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)

Furthermore, Rule 4(h)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> . . . service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivisions (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and , if the agent is one authorized by statute to receive service and the statute so requires . . .

Fed. R. Civ. P. 4(h)(1)

The Seventh Circuit has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant. Mid-Continent Wood Products, Inc. v. Lawrence A. Harris, 936 F.2d297, 301 (7th Cir. 1991). Furthermore, improper service destroys a court's personal jurisdiction, making any judgment or order issued against the improperly served party void. Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 50 (N.D.Ill.1989).

Where the basis for relief is that the judgment is void, and it is so proven to be, the court lacks discretion and must grant relief. See Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844, 850 (7th Cir. 1981). Moreover, Rule 60(b)'s requirement that motions be made within a reasonable time does not apply to void judgments, which may be challenged at any time.

In the case at bar, according to the proof of service filed, on April 11, 2001, Lori Porter was served with a summons and complaint for VIJO ENTERPRISES at 3425 N. Pearl Street, McHenry, Illinois. See Exhibit C. Significantly, the proof of service does not show that a copy of the complaint and summons was served on behalf of JOHN PORTER nor is there any evidence in the file which shows that JOHN PORTER was ever served.

Since March 13, 1999, when VIJO was incorporated, JOHN PORTER was the sole owner and officer of VIJO and Robert Burke was the only registered agent for the

4

corporation. See Exhibits A & B. Lori Porter, who was served with a copy of the complaint and summons, was never the registered agent or an officer of VIJO, nor was she a managing or general agent, or an agent authorized to accept service on behalf of VIJO or JOHN PORTER. See Exhibits "A & B". Furthermore, at the time of service, JOHN PORTER did not live at 3425 N. Pearl Street nor did he live with Lori Porter. See Exhibit B. Additionally, according to John Porter's affidavit testimony, he was never personally served with copies of the complaint or summons in this matter.

According to Rule 4(h)(1) of the Federal Civil Procedure, in order to have effectively served the defendant, VIJO, plaintiffs must have served a summons and complaint to an officer, managing or general agent, or an agent appointed by law. In this case, Lori Porter did not hold any of the aforementioned positions and, therefore, service was improper as to VIJO.

Similarly, the plaintiff has failed to properly serve the defendant, JOHN PORTER according to Federal Rule 4(e). In order for the plaintiff to have properly serve JOHN PORTER, it would have had to serve a copy of the complaint and summons to JOHN PORTER personally, by leaving copies of the complaint and summons to his dwelling house or usual place of abode with some person of suitable age or by delivering the complaint and summons to an agent authorized by appointment or by law to receive service of process on behalf of JOHN PORTER.

As indicated in the proof of service filed by the plaintiff, JOHN PORTER was never served with a copy of the complaint and summons. He did not appoint Lori Porter to receive service of process on his behalf nor did he live at 3425 N. Pearl Street at the

time of service. See Exhibit B. Therefore, service was also improper at to JOHN PORTER.

Not only did plaintiff fail to properly serve the defendants with copies of the complaint and summons in this matter, plaintiff also failed to serve the defendants with a copy of its Motion for Default Judgment. The first time JOHN PORTER became aware of the default, was after he received a letter from his bank which informed him that there was a hold on his account due to the judgment entered in this matter. See Exhibit B.

Because the plaintiff has failed to serve the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure and therefore, should be quashed. Additionally, since service on VIJO and JOHN PORTER was improper this court does not have personal jurisdiction over the defendants and the judgment order of July 20, 2001 is void and should be vacated.

## CONCLUSION

Plaintiffs have failed to comply with Rules 4(e) and 4(h)(1) of the Federal Rules of Civil Procedure and, therefore, service should be quashed. Additionally, due to plaintiff's failure to properly serve the defendants, VIJO and JOHN PORTER, individually, this Court does not have personal jurisdiction over the defendants, the Default Judgment of July 20, 2001 is void and should be vacated and this matter as to VIJO and JOHN PORTER, individually, should be dismissed for lack of personal jurisdiction and improper service.

WHEREFORE, defendants, VIJO ENTERPRISES, INC. and JOHN PORTER, request that this court quash the April 11, 2001 service of process, vacate the judgment order of July 20, 2001, and dismiss this case as to VIJO ENTERPRISES, INC. and JOHN

PORTER, individually, for lack of personal jurisdiction and improper service with prejudice.

_____

Todd A. Miller
One of Defendants' Attorneys

Allocco & Miller, P.C.
Attorney for the Defendant
3409 N. Paulina Street
Chicago, Illinois 60657
773-868-4841

18490166810

| | |
|---|---|
| This Record Last Updated: | 02/08/2002 |
| Database Last Updated: | 05-01-2002 |
| Update Frequency: | Daily |
| Current Date: | 05/01/2002 |
| Source: | As reported by the Secretary of State or other official source |

### COMPANY INFORMATION

| | |
|---|---|
| Name: | VIJO ENTERPRISES, INC. |

### FILING INFORMATION

| | |
|---|---|
| Filing Date: | 03/19/1999 |
| State of Incorporation: | Illinois |
| Date Incorporated: | 03/19/1999 |
| Duration: | Perpetual |
| Status: | DISSOLVED |
| Corporation Type: | Profit |
| Business Type: | Corporation |
| Registration ID #: | 60401381 |
| Where Filed: | SECRETARY OF STATE/CORPORATIONS DIVISION |
| | STATE HOUSE RM 213 FLOOR 2 |
| | SPRINGFIELD, IL 62706 |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Agent Name: | ROBERT E BURKE |
| Agent Address: | 4719 W ELM ST |
| | MCHENRY, IL 60050 |

### PRINCIPAL INFORMATION

| | |
|---|---|
| Name: | +JOHN S PORTER 2909 ROSE AVE MCHENRY 60050 |
| Title: | Incorporator |

### AMENDMENT INFORMATION

| | |
|---|---|
| Amendments: | 08/01/2000 Dissolution Of Corporation; INVOLUNTARILY DISSOLVED |

Exhibit A

## STOCK INFORMATION

Common Stock:
Authorized Shares:                    1,000

Stock Issued:                         100

Par Value:                            $0

Voting Rights:                        Yes

Convertible:                          No

## TAX INFORMATION

Corporate Tax Details:

      Tax Factor:                     1

      Total Capital:                  $1,000

Corporate Tax Details:

      Tax Factor:                     1

      Total Capital:                  $1,000

## ADDITIONAL DETAIL INFORMATION

Filing Office Details:                IMPORTANT: FILING IS "NOT IN GOOD STANDING" IF A CURRENT ANNUAL REPORT
                                      HAS NOT BEEN FILED

The preceding public record data is for information purposes only and is not the official record. Certified copies can only be obtained from the official source.

END OF DOCUMENT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KINGVISIONS PAY PERVIEW, LTD, a )
Delaware Corporation, )
                         )
         Plaintiff, )  No.: 01 C 1364
                         )
v. )  Judge Coar
                         )
VIJO ENTERPRISES, INC., an Illinois corp. )  Magistrate Judge Levin
D/b/a Whale's Tail and PATRICK MCVADY, )
Individually and JOHN PORTER, individually, )
                         )
         Defendants. )

## AFFIDAVIT OF JOHN PORTER

I, John Porter, being first duly sworn on oath, state as follows.

1.      On March 13, 1999, Vijo Enterprises Inc., was incorporated and doing business as Whale's Tail located at 3425 Pearl Street in McHenry, Illinois.

2.      I was the president and sole officer of Vijo Enterprises, Inc. and Robert E. Burke was the registered agent for the corporation.

3.      On August 1, 2000, Vijo Enterprises, Inc. was involuntarily dissolved.

4.      I was never served with a copy of the summons, complaint or motion for default judgment in this matter.

5.      Lori Porter, identified in the Proof of Service filed in this matter, was never an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of Vijo Enterprises or myself.

6.      Furthermore, Lori Porter is not my mother, nor did she live with me at the time of alleged service in this matter.

04/29/2002  18:23    7735292853          ALLOCCO & MILLER          PAGE  03

7.    At the time of the alleged service in this matter, I did not reside at 3425 Pearl Street, McHenry, Illinois.

8.    The first time I became aware of this lawsuit was after I received a letter from First Midwest Bank informing me that they were holding the money in my account to satisfy a judgment that had been entered against me in this matter.

FURTHER AFFIANT SAYETH NOT

John Porter

Signed and sworn to before me this 30th day of April, 2002.

Notary Public

"OFFICIAL SEAL"
LOU GEORGIA MOORE
Notary Public, State of Illinois
My Commission Expires 07/29/02

( (

# UNITED STATES DISTRICT COURT
# NORTHEASTERN DISTRICT OF ILLINOIS

**RE:** **King Vision Pay Per View, Ltd., a Delaware Corporation. vs.**
**Vijo Enterprises, Inc., an Illinois corporation d/b/a Whale's Tail and Patrick**
**McVady, individually and John Porter, individually.**

**Case Number:** **01 C 1364**

Luke Netzel on oath States:

That he is citizen of the United States of America and the State of Illinois, above the age of eighteen years, not a party to the above action and in no way interested therein.

That he served a copy of the following:

**SUMMONS IN A CIVIL ACTION**
**COMPLAINT AT LAW**

F I L E D

APR 2 7 2001

Issued in this matter on:

      Vijo Enterprises, Inc. d/b/a Whale's Tail
      3425 Pearl Street
      McHenry, IL 60050

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

By handing a copy of the summons to Lori Porter mother of John Porter, who identified themselves as being an the mother of the defendant on April 11, 2001 and informed that person of the contents of said summons and complaint.

Physical description of the person given the summons:

Sex:        F

Race:      Caucasian

Age:       Approx. 64yrs., Approx. 5'8", 165 lbs.

The above listed documents were served at the following address at the time specified:

Address:     3425 Pearl Street, McHenry, IL 60050

Time:       4:35 P.M. of April 11, 2001

## CERTIFICATION

I certify under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date April 12th, 2001           _Luke Netzel_

**INVESTIGATIVE RESEARCH**

2

K/099

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUL 16 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KingVision Pay Per View, Ltd., a Delaware )
corporation, )
                Plaintiff, )
)
         v. )
)
Vijo Enterprises, Inc., an Illinois corporation )
d/b/a Whale's Tail and Patrick McVady, )
individually and John Porter, individually, )
)
)
              Defendant. )

Case No. 01 C 1364
Honorable Judge David H. Coar
Magistrate Judge Ian H. Levin

**DOCKETED**

JUL 23 2001

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The Plaintiff, KingVision Pay Per View, Ltd., ("Plaintiff") by its undersigned attorneys, hereby applies for the entry of judgment by default against the Defendant, Vijo Enterprises, Inc., an Illinois corporation d/b/a Whale's Tail and John Porter, individually ("Defendant") pursuant to Rule 55 of the Federal Rules of Civil Procedure, and as grounds therefor states as follows:

1.    This Application is made on the ground that the Defendant, Vijo Enterprises, Inc., an Illinois corporation d/b/a Whale's Tail and John Porter, individually has failed to file an Answer or any responsive pleading to the Complaint.

2.    On February 27, 2001, the Plaintiff initiated this proceeding by filing a Complaint.

3.    On April 11, 2001, the Defendant, Vijo Enterprises, Inc., an Illinois corporation d/b/a Whale's Tail and John Porter, individually was served with the Summons and Complaint.

4.    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, the Defendant had twenty (20) days to file an Answer or a responsive pleading.

Exhibit D

5.    Pursuant to Rule 55(b)(2) of the Federal Rules, the Plaintiff is entitled to judgment by default against the Defendant, Vijo Enterprises, Inc., an Illinois corporation d/b/a Whale's Tail and John Porter, individually.

6.    The Plaintiff hereby requests that judgment be entered against the Defendant, in the statutory amount of $21,000.00 pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II) and §553(c)(3)(A)(ii).

7.    Further, the Plaintiff respectfully requests that it be awarded attorneys' fees, pursuant to 47 U.S.C. §§605(e)(3)(B)(iii) and 553(c)(2)(C), in the amount of $500.00 which amount is fair and reasonable.

WHEREFORE, for the foregoing reasons and for the reasons set forth in:

1.    Plaintiff's Memorandum of Law in Support of Prove-Up on Damages by Default;

2.    Plaintiff's Affidavit of Marcus W. Corwin in Support of Prove-Up on Damages by Default (Exhibit C to No. 1 above); and

3.    Plaintiff's Affidavit in Support of Request for Attorney's Fees (Exhibit K to No. 1 above),

filed herewith, the Plaintiff, KingVision Pay Per View, Ltd., prays that this Court enter judgment by default against the Defendant, Vijo Enterprises, Inc., an Illinois corporation d/b/a Whale's Tail and John Porter, individually, as follows:

(a)    For statutory damages in the amount of $21,000.00, pursuant to 47 U.S.C. §605(e)(3)(c)(i)(II) and pursuant to 47 U.S.C. §553(c)(3)(A)(ii);

(b)    For attorneys' fees and costs in the amount of $500.00, pursuant to 47 U.S.C. §§605(e)(3)(B)(iii) and 553(c)(2)(C);

(c)    For a final and appealable order entering a total judgment in the amount of $21,500.00 against the Defendant, Vijo Enterprises, Inc., an Illinois corporation d/b/a Whale's Tail and John Porter, individually and in favor of the Plaintiff, KingVision Pay Per View, Ltd. and that there is no just reason to delay enforcement or appeal of this order;

(d)    For such other and further relief as is just and proper.

Respectfully submitted,

ROLWES & PLATT

By: _____

Jeffrey R. Platt, ARDC No. 06208148
Rolwes & Platt
Three First National Plaza, Suite 3600
Chicago, Illinois 60602
(312) 977-4385
Attorney for Plaintiff, KingVision Pay Per View, Ltd.

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 1364 | DATE | 7/20/2001 |
| CASE TITLE | King Vision Pay Per View vs. Vijo Enterprises, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's Motion for Default Judgment is Granted. Judgment is hereby entered in favor of the plaintiff King Vision Pay Per View, Ltd and against the defendant Vijo Enterprises, Inc d/b/a Whale's Tail and John Porter in the total sum of $21,500.00.
Any and all pending motions are moot and terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 2 3 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | PAMF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

FILED FOR DOCKETING
'01 JUL 20 PM 3: 38

K/099

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KingVision Pay Per View, Ltd., a Delaware )
corporation, )
                 Plaintiff, )
)
               v. )      Case No. 01 C 1364
)      Honorable Judge David H. Coar
Vijo Enterprises, Inc., an Illinois corporation )      Magistrate Judge Ian H. Levin
d/b/a Whale's Tail and Patrick McVady, )
individually and John Porter, individually, )
)      **DOCKETED**
)
)      ⌐JUL 2 3 2001
               Defendant. )

## ORDER

Upon consideration of Plaintiff's Motion for Default Judgment, it is this 20th day of
July, 2001, by the United States District Court for the Northern District of Illinois, Eastern
Division.

ORDERED that Plaintiff's Motion for Default Judgment is hereby GRANTED; and it is

FURTHER ORDERED that damages are awarded in favor of the Plaintiff, KingVision Pay

Per View, Ltd., and against the Defendant, Vijo Enterprises, Inc., an Illinois corporation d/b/a

Whale's Tail and John Porter, individually ("Defendant"), as follows:

         (a)     For statutory damages in the amount of $21,000.00, pursuant to 47 U.S.C.

§605(e)(3)(c)(i)(II) and pursuant to 47 U.S.C. §553(c)(3)(A)(ii);

         (b)     For attorneys' fees and costs in the amount of $500.00, pursuant to 47

U.S.C. §§605(e)(3)(B)(iii) and 553(c)(2)(C);

         (c)     For a final and appealable order entering a total judgment in the amount of

$21,500.00 against the Defendant, Vijo Enterprises, Inc., an Illinois corporation d/b/a Whale's

Tail and John Porter, individually and in favor of the Plaintiff, KingVision Pay Per View, Ltd.

and that there is no just reason to delay enforcement or appeal of this order;

(d)    For such other and further relief as is just and proper.

_____
Honorable Judge David H. Coar
United States District Court Judge    JUL 2 0 2001

Jeffrey R. Platt, ARDC No. 06208148
Rolwes & Platt
Three First National Plaza
Suite 3600
Chicago, Illinois 60602
(312) 977-4385
Attorney for Plaintiff, KingVision Pay Per View, Ltd.

UHDOCS-339974- 0